Reese, J.
delivered the opinion of the court.
Various reasons have been urged in argument, why the decree of the circuit court for Lincoln county, which sustained the demurrer filed by the defendants and dismissed the bill, should be affirmed in this court. We deem it unnecessary to consider and decide upon all the grounds. We are of opin' ion, that the bill does not sufficiently aver and show that complainant could not have obtained a judgment at law against the bank. If he could, he ought to have done so, and by the issuance and return of an execution thereon, have ascertained that there was no corporate property out of which his judgment could be satisfied, before in this court, he sought upon the grounds stated in the bill, to render the stockholders sued individually responsible. The bill upon this point states, that the complainant has been informed and believes that the business of said Fayetteville Tennessee bank, has been so negligently and fraudulently managed and conducted, that no suit at law can be commenced against it, as the stockholders of said bank have failed and refused to elect directors of said bank, as they were required to do by the charter, and done many other acts contrary to the charter, whereby they are dissolved for the reasons above set forth; by reason thereof, no legal process can be served upon said corporation, or its officers, if any *221 there be in existence. And the complainant adds, “that a judgment could be obtained at law it would not afford as there are no visible effects of the said Fayetteville bank J whereon to levy an execution.
By the charter of the bank granted in 1815, the existence of the corporation will continue till the year 1841. No dissolution is alleged in the bill, as the result of judicial or legislative action, but the corporation is stated to have been dissolved by the non-election of officers and other acts inconsistent with the charter. The failure to elect directors or other officers, could not produce a dissolution of the corporation, nor could it prevent the institution of an action at law. For it is provided, with regard to this bank, by the act of 1821, c 197, § 5, that i n such event, demand shall be made and process served upon the late president, cashier, or any director.
There is no averment in the bill that none of those persons who had so been officers or directors of the bank exists within the reach of process from a court of common law, but the statement is, that the failure and neglect to elect directors prevents the obtainment of a judgment at law.
Upon this ground, then, we sustain- the demurrer to the bill and affirm the decree of the circuit court.
Decree affirmed.